IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Harold Jeffcoat a/k/a Harold L. Jeffcoat, | ) Civil Action No.:2:12-02849-RMG-BHH |
| | ) |
| Petitioner, | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| v. | ) |
| | ) |
| Warden Leroy Cartledge, | ) |
| | ) |
| Respondent. | ) |

The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt. No. 20; see also Dkt. No. 21.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on September 28, 2012. (Dkt. No. 1.) On February 13, 2013, Respondent filed a Motion for Summary Judgment. (Dkt. No. 20; see also Dkt. No. 21.) By order filed February 14, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 22.) Petitioner filed a Response in Opposition to the Motion for Summary Judgment on July 22, 2013. (Dkt. No. 36.)

**PROCEDURAL HISTORY**

The Petitioner is currently confined at McCormick Correctional Institution ("MCI") of the South Carolina Department of Corrections ("SCDC"). Petitioner was indicted by the Richland County Grand Jury for four counts of armed robbery and one count of grand larceny in March of 2007 (Nos. 2007-GS-40-00902, 2007-GS-40-00903, 2007-GS-40-

00904, 2007-GS-40-00905, 2007-GS-40-00906). (R. at 85-94.) In April of 2007, he was again indicted by a Richland County Grand Jury for four counts of armed robbery (Nos. 2007-GS-40-00832, 2007-GS-40-00831, 2007-GS-40-00981, 2007-GS-40-00982). (R. at 83-84, 95-97; see also Dkt. No. 21-3.) Then, in May of 2007, a Richland County grand jury indicted Petitioner for attempted armed robbery (No. 2007-GS-40-01089). (R. at 98-99.)

On May 27, 2008, Petitioner entered into an Alford plea before the Honorable J. Michelle Childs. (R. at 1-37.)[1] Meghan Lee, Esquire, and Greg Collins, Esquire, appeared at the hearing on behalf of Petitioner. (See R. at 1.) As part of the plea, the State *nol prossed* two firearms charges and agreed to a sentencing cap of thirty years. (R. at 14, 22.) After accepting the plea, Judge Childs sentenced Petitioner to three years on the offense of grand larceny; that sentence was to run concurrent to the sentences for armed robbery and attempted armed robbery. (R. at 36.) Judge Childs sentenced Petitioner to twenty years for the armed robbery and attempted armed robbery charges. (R. at 36-37.)

Petitioner, through Attorney Lee, filed a Notice of Appeal on May 30, 2008. (Dkt. No. 21-4.) On June 10, 2008, the South Carolina Court of Appeals sent Ms. Lee a letter requiring a "written explanation showing that there is an issue which can be reviewed on appeal" pursuant to Rule 203(d)(1)(B) of the South Carolina Appellate Court Rules. (Dkt. No. 21-5.) Attorney Lee responded to this letter on June 13, 2008. (Dkt. No. 21-6.) In an order dated October 2, 2008, the South Carolina Court of Appeals dismissed the appeal "for want of any showing that there is an issue preserved for appellate review." (Dkt. No. 21-7.) The remittitur was issued on October 20, 2008. (Dkt. No. 21-8.)

On February 13, 2009, Petitioner filed an application for post-conviction relief ("PCR"). (Dkt. No. 21-1 at 41-45 of 102.) With no elaboration, Petitioner contended that he was being held in custody unlawfully due to ineffective assistance of counsel. (Dkt. No. 21-1 at 42 of 102.)

---

[1]See North Carolina v. Alford, 400 U.S. 25 (1970).

2

On March 15, 2010, an evidentiary hearing was held before Judge Alison Renee Lee. (R. at 51-76.) Petitioner was present and represented by Charlie J. Johnson, Jr., Esquire. (See R. at 51.) In a written order dated July 7, 2010, Judge Lee denied the application for post-conviction relief and dismissed the petition. (R. at 77-82.)

Petitioner, through his attorney Robert M. Pachak of the South Carolina Commission on Indigent Defense, filed a Johnson Petition for Writ of Certiorari on November 1, 2010. (See Dkt. No. 21-10.)[2] Through counsel, Petitioner raised the following issue: "[w]hether petitioner's guilty plea was entered voluntarily and intelligently." (Dkt. No. 21-10 at 3 of 8.) Petitioner filed a Pro Se Brief of Appellant, wherein he raised the following issues (verbatim):

> 1) Appellant did not plead guilty knowingly, intelligently, and voluntarily upon the advice of effective assistance of counsel.
>
> 2) The indictments was out dated over the ninety day period.
>
> 3) Appellant has been under mental health.
>
> 4) Appellant has alibi witnesses and there was no evidence and no witnesses.

(Dkt. No. 21-11 at 3 of 11.) On January 13, 2012, the South Carolina Supreme Court transferred the case to the South Carolina Court of Appeals. (Dkt. No. 21-12.) In an order filed September 4, 2012, the South Carolina Court of Appeals denied the petition. (Dkt. No. 21-13.) The matter was remitted to the lower court on September 21, 2012. (Dkt. No. 21-14.)

Petitioner then filed the instant habeas petition, wherein he raised one ground for relief: "Petitioner's guilty plea was not voluntarily and intelligently entered." (Dkt. No. 1 at 5 of 19.) In the "Supporting Facts" section of his petition, Petitioner contends that "there were no witnesses, no informant[s], no evidence that he had done many of the charges against him." (Dkt. No. 1 at 17 of 19.) Petitioner further asserts he "had an alibi witness in his Aunt

---

[2] See Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988).

3

Robin Demery for some of his charges." (Id.) Petitioner complains that counsel did not move to dismiss the charges, even though Investigator Erwin said at the preliminary hearing that "he did not have any proof of the evidence," and that counsel "failed to challenge the statute of limitations on the indictments." (Id. at 17-18 of 19.) Finally, Petitioner "strongly contend[s] that plea counsel gave him incorrect advice on sentencing" when "she told Petitioner if he did [not] plead guilty, he could get life without parole." (Id. at 18.)

## APPLICABLE LAW

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

**Habeas Standard of Review**

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997); Breard v. Pruett, 134 F.3d 615, 618 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

4

> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 410. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S.Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

## **DISCUSSION**

As noted above, Respondent seeks summary judgment in the instant case. (See Dkt. No. 20; Dkt. No. 21.) Petitioner's only ground for relief is his contention that his guilty plea "was not voluntarily and intelligently entered." (Dkt. No. 1 at 5 of 19.) As supporting facts, he contends his plea counsel was constitutionally deficient in several ways. (See Dkt. No. 1 at 17-18 of 19.)

In the Motion for Summary Judgment, Respondent states that, "[b]reaking down Petitioner's lone ground for relief, the State submits this claim is essentially the same argument that was advanced following Petitioner's evidentiary hearing in the PCR proceeding–that defense counsel's alleged errors, while not independently prejudicial under Strickland, when combined, established Strickland prejudice rendering Petitioner's guilty plea involuntary." (Dkt. No. 21 at 10 of 26.) Respondent asserts that while this ground is "technically exhausted" because "each of the underlying grounds were individually addressed by the PCR court's order," the claim is defaulted since the PCR court did not address the claim and Petitioner did not file a Motion to Alter or Amend pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure. (Dkt. No. 21 at 10-14.) Respondent

5

further asserts that Petitioner cannot show cause and prejudice for the default. (Dkt. No. 21 at 14-16.)

"Federal habeas review of a state prisoner's claims that are procedurally defaulted under independent and adequate state procedural rules is barred unless the prisoner can show cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or prove that failure to consider the claims will result in a fundamental miscarriage of justice." Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008) (quoting McCarver v. Lee, 221 F.3d 583, 588 (4th Cir. 2000)); see also Coleman v. Thompson, 501 U.S. 722, 750 (1991).[3] In Martinez v. Ryan, 132 S. Ct. 1309, 1315 (2012), the Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." The Court stated, however, that "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Martinez, 132 S. Ct. at 1318 (citing Miller-El v. Cockrell, 537 U.S. 322 (2003)); see also Trevino v. Thaler, 133 S. Ct. 1911, 1918 (2013). If the ineffective assistance of trial counsel claim "does not have any merit or . . . is wholly without factual support," the procedural default precludes federal habeas review. Martinez, 132 S. Ct. at 1319.

Of course, Petitioner's ground for relief–at least as set forth in the petition–is not the same ground at issue in Martinez. Petitioner herein claims that his guilty plea was involuntary, due to numerous instances of ineffective counsel, whereas the petitioner in Martinez sought to advance a claim of ineffective assistance of trial counsel. However, the undersigned notes that, generally speaking, under South Carolina law, "[a]bsent timely

---

[3]In the alternative for showing cause and prejudice, a petitioner must demonstrate a miscarriage of justice, e.g., actual innocence. Bousley v. United States, 523 U.S. 614, 623 (1998). Petitioner has not shown or argued that he is actually innocent of the at-issue crimes. Schlup v. Delo, 513 U.S. 298, 327 (1995).

6

objection at a plea proceeding, the unknowing and involuntary nature of a guilty plea can only be attacked through the more appropriate channel of Post-Conviction Relief." State v. McKinney, 278 S.C. 107, 108, 292 S.E.2d 598, 599 (1982); see also State v. Bickham, 381 S.C. 143, 147 n.2, 672 S.E.2d 105, 107 n.2 (2009). For purposes of this Report and Recommendation, the undersigned assumes–without deciding[4]–that Petitioner could meet the standard to overcome the bar.

The undersigned therefore turns to an examination of Petitioner's guilty plea. "A guilty plea . . . is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). As the Supreme Court stated in Hill v. Lockhart, "[t]he longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)). "In evaluating the constitutional validity of a guilty plea, 'courts look to the totality of the circumstances surrounding [it], granting the defendant's solemn declaration of guilt a presumption of truthfulness.'" Unites States v. Moussaoui, 591 F.3d 263, 278 (4th Cir. 2010) (quoting Walton v. Angelone, 321 F.3d 442, 462 (4th Cir. 2003)).

At the beginning of the plea hearing, Judge Childs asked Ms. Lee whether she was "aware of any mental of physical evaluation" affecting Petitioner's ability to proceed with the plea; Ms. Lee said no. (R. at 3-4.) Petitioner told the court that only drug he was taking was

---

[4]See Gore v. Crews, —F.3d—, 2013 WL 3233303 (11th Cir. June 27, 2013) ("Because Gore's claim is not procedurally barred and it does not raise an allegation of ineffective assistance of trial counsel, Martinez by its own terms does not, and cannot, excuse his failure to satisfy the exhaustion requirement of § 2254(b)."); Hodges v. Colson, 711 F.3d 589, 603 (6th Cir. 2013) ("Under Martinez's unambiguous holding our previous understanding of Coleman in this regard is still the law—ineffective assistance of post-conviction counsel cannot supply cause for procedural default of a claim of ineffective assistance of appellate counsel.")

7

Trazodone to help him sleep; he stated that drug did not affect his ability to proceed. (R. at 4-5.) When asked about his mental health, Petitioner stated that, many years before, when he was in high school, he went to Richland Springs because he was suicidal. (R. at 4.) Petitioner indicated he understood the proceeding and that he was there "to answer to . . . criminal offenses." (R. at 5.) After Petitioner did not agree that he did the crimes, Petitioner had an off-the-record discussion with his attorneys. (R. at 18-19.) Petitioner then proceeded pursuant to an Alford plea. Petitioner indicated that he understood the court had to accept all of the solicitor's facts as true in fashioning a sentence. (R. at 20.) The following exchange occurred during Petitioner's Alford plea:

> Q. Okay. But as we stand here now, that's your desire to plea under North Carolina v. Alford[?]
>
> A. Yes, ma'am.
>
> Q. Is that plea voluntary?
>
> A. Yes, ma'am.
>
> Q. Has anyone threatened you or forced you to accept responsibility even pleading under North Carolina v. Alford?
>
> A. No, ma'am.

(R. at 20-21.) Petitioner stated he understood he was giving up his right to remain silent and the right to be presumed innocent until proven guilty. (R. at 21.) Petitioner stated he had sufficient time to speak with his attorneys, and that his attorneys had answered all of his questions and concerns. (R. at 21.) Petitioner agreed that he was "pleading freely and voluntarily" and that no one had threatened him. (R. at 23.) After the colloquy, Judge Childs accepted the plea. (R. at 23.) In exchange for his guilty plea, the State *nol prossed* two firearms charges and agreed to a sentencing cap of thirty years. (R. at 14, 22.)

Because Petitioner bases his contention that his guilty plea was involuntary on alleged ineffective assistance of counsel, the undersigned examines the alleged

8

ineffectiveness. Strickland v. Washington, 466 U.S. 668 (1984), states that a meritorious ineffective assistance of counsel claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Id. at 687–96. A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance. Id. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id. (internal quotation marks and citation omitted); see also Bowie v. Branker, 512 F.3d 112, 119 n.8 (4th Cir. 2008); Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297–99 (4th Cir. 1992); Roach v. Martin, 757 F.2d 1463, 1467 (4th Cir. 1985). In order to establish the second prong of Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." Id. While Strickland itself is a deferential standard, when both § 2254(d) and Strickland apply, "review is doubly" deferential. Harrington v. Richter, 131 S.Ct. 770, 788 (2011). Indeed, when § 2254(d) applies, "[t]he question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 131 S.Ct. at 788.

The two-part test enunciated in Strickland applies to challenges to guilty pleas based on ineffective assistance of counsel. See Hilll v. Lockhart, 474 U.S. 52, 58 (1985). "[I]n order to satisfy the 'prejudice' requirement [set forth in Strickland], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

In the instant case, although the PCR court did not address the claim that, collectively, counsel's errors rendered Petitioner's plea involuntary, the PCR court did address individual claims of ineffective assistance of counsel. Petitioner first asserts that plea counsel was ineffective because "there were no witnesses, no informant[s], no evidence that he had done many of the charges against him." (Dkt. No. 1 at 17 of 19.) According to Petitioner, he "had an alibi witness in his Aunt Robin Demery for some of his charges." (Id.) The PCR court addressed this claim as follows:

> [T]he Applicant's complaint about plea counsel's purported failure to call or contact an alibi witness is wholly without merit. The Applicant complained that his Aunt Robin would have been an alibi witness from all but two of his offenses. This Court notes that Aunt Robin was at the plea and had the opportunity to speak with Applicant as well as his attorney. (Guilty Plea transcript, p. 27.) Plea counsel stated that she was not able to stay because she had child care issues that required her to leave. However, plea counsel stated that, "she has seen him in a clarity that she hasn't seen in a very long time. And what she wanted me to express to the Court is that she now feels comfortable having him in her home." Tr. p. 27. In addition, the Applicant failed to produce Aunt Robin at the PCR hearing and this Court is left to speculate as to what evidence she possesses regarding the Applicant's whereabouts at the time of the crimes. Prejudice from trial counsel's failure to interview or call witnesses cannot be shown where the witnesses do not testify at post conviction relief. Underwood v. State, 309 S.C. 560, 425 S.E.2d 20 (1992); Bassette v. Thompson, 915F.2d 932 (4th Cir. 1990), cert. denied, 499 U.S. 982 (1991). The Applicant's mere speculation as to what a witnesses' [sic] testimony would have been cannot, by itself, satisfy his burden showing prejudice. Clark v. State, 315 S.C. 385, 434 S.E.2d 266 (1993); Glover v. State, 318 S.C. 496, 458 S.E.2d 538 (1995). An applicant must produce the testimony of a favorable witness or otherwise offer the testimony in accordance with the rules of evidence at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial. Bannister v. State, 333 S.C. 298, 509 S.E.2d 807 (1998).

(R. at 80-81.)

Petitioner has not shown the PCR court's rejection of this claim of ineffective assistance of counsel was contrary to, or an unreasonable application of, clearly established federal law. Nor has he shown the PCR court's decision was based on an unreasonable determination of the facts. As noted by the PCR court, Petitioner failed to produce any

10

evidence of an alibi at that hearing; his habeas claim therefore fails. See Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990) (concluding the petitioner's claim that other evidence should have been presented during the sentencing phase of his trial failed in "the absence of a proffer of testimony from a witness or witnesses he claims his attorney should have called," stating, "He claims that his counsel conducted an inadequate investigation to discover persons who would testify in his favor, but he does not advise us of what an adequate investigation would have revealed or what these witnesses might have said, if they had been called to testify."); see also Davis v. Cohen, No. 6:09-3328-RMG-KFM, 2010 WL 5138483, at *12 (D.S.C. Nov. 15, 2010), adopted at 2010 WL 5141343 (D.S.C. Dec. 8, 2010); Gay v. Padula, 3:07-cv-4006-CMC-JRM, 2008 WL 4280380, at *8 (D.S.C. Sept. 10, 2008). Petitioner has not shown the PCR court's rejection of this claim meets the standard set forth in § 2254.

Petitioner also complains that counsel was ineffective because she did not move to dismiss the charges, even though Investigator Erwin said at the preliminary hearing that "he did not have any proof of the evidence," and the "statute of limitations" had run on the indictments. (Dkt. No. 1 at 17-18 of 19.) In addressing the statute of limitations, the PCR court stated,

> The Supreme Court of South Carolina has described the rule requiring that a Solicitor act upon a warrant within 90 days, formerly Circuit Court Rule 95, presently Rule 3 S.C.R.Crim.P., as an administrative rule. State v. Culbreath, 282 S.C. 38, 316 S.E.2d 681 (1984). "Therefore, the failure of the solicitor to act upon a warrant within ninety (90) days, as required by Rule 95, does not within itself invalidate a warrant or prevent subsequent prosecution. Id. at 40, 316 S.E.2d at 681 (1984). This Court finds that Applicant's claim that Counsel was ineffective for failing to move to quash the indictment due to the delay between the issuance of the warrant and the true bill of the date of the indictment is without merit and is hereby denied.

(R. at 78-79.) The PCR court's rejection of this claim of ineffective assistance of counsel was not contrary to, or an unreasonable application of, clearly established federal law. See

11

Israel v. McCall, No. 3:11-02999-JMC-JRM, 2012 WL 3877665, at *8 (D.S.C. Aug. 1, 2012), adopted at 2012 WL 3877669 (D.S.C. Sept. 6, 2012) (rejecting claim that attorney was ineffective for failing to object to violation of the 90-day rule, stating that the petitioner "cannot show he was prejudiced because an objection would not have avoided prosecution"). Pursuant to South Carolina law, "the failure of the solicitor to act upon a warrant within ninety (90) days . . . does not within itself invalidate a warrant or prevent subsequent prosecution." State v. Culbreath, 282 S.C. 38, 40, 316 S.E.2d 681, 681 (1994). Indeed, in Culbreath, the South Carolina Supreme Court affirmed the trial judge's refusal to quash an indictment when the solicitor failed to act within the ninety-day window. Culbreath, 282 S.C. 38, 316 S.E.2d 681. Accordingly, Petitioner is not entitled to federal habeas relief on his claim that counsel was ineffective for failing to move to dismiss the charges because the "statute of limitations" had run.

The PCR court did not address the allegation that counsel was ineffective in failing to seek dismissal of the charges because Investigator Erwin said at the preliminary hearing that "he did not have any proof of the evidence." Regardless, Petitioner is not entitled to relief on this claim. As stated in State v. Keenan, 278 S.C. 361, 365, 296 S.E.2d 676, 678 (1982), "There no longer exists a State (nor has there ever existed a Federal) constitutional right to a preliminary hearing." Furthermore, in South Carolina, a preliminary hearing is not held if the defendant is indicted by the grand jury or waives presentment before the preliminary hearing can be held. See S.C. R. Crim. P. 2(b). In the instant case, Petitioner was indicted by a grand jury; his claim therefore fails. See United States v. Kabat, 586 F.2d 325, 328 (4th Cir. 1978) ("[U]nder the Supreme Court's decision in Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), an accused has no constitutional right to a preliminary hearing, so long as he receives some form of 'a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest.'"); United

States v. Soriano-Jarquin, 492 F.3d 495, 502 (4th Cir. 2007) ("[T]he defendant's indictment mooted any questions surrounding the preliminary hearing. This court has long held that the probable cause requirement may be satisfied either by a preliminary hearing or by indictment by a grand jury." (citing United States v. Mackey, 474 F.2d 55, 56-57 (4th Cir.1973))); see also Rhyne v. Warden of Tyger River Corr. Inst., No. 4:07-3147-HMH-TER, 2008 WL 1930040, at *10 (D.S.C. Apr. 29, 2008).

Finally, Petitioner alleged counsel was ineffective because she "gave him incorrect advice on sentencing" when "she told Petitioner if he did [not] plead guilty, he could get life without parole." (Dkt. No. 1 at 18 of 19.) The PCR court addressed this claim as follows:

> Applicant also alleged that Counsel told him he could receive an LWOP sentence if he went to trial on the offense, and that this advice was inaccurate and constitutes ineffective assistance of counsel. At the time Applicant pled, the law on prior offenses for enhancement purposes was espoused by State v. Gordon, 356 S.C. 143, 588 S.E.2d 105 (2003), and was interpreted and was recently explained by the Supreme Court of South Carolina in Koon v. State, 372 S.C. 531, 643 S.E.2d 380 (2007). In Gordon, the Supreme Court stated "we hold § 17-25-45 and § 17-25-50 must be construed together in determining whether crimes committed at points close in time qualify for a recidivist sentence." State v. Gordon, at 154, 588 S.E.2d at 111 (2003). The Koon court, in examining Koon's alleged "spree" found that "the March 28th burglary of a different building, in a different location, which occurred two weeks later, clearly constitutes a separate burglary." Koon v. State, at 534, 643 S.E.2d at 682 (2007). This Court finds likewise, that the December 19, 2006, the January 3, 2007, and the January 13, 2007 offenses clearly constitute separate offenses, and would serve to subject Applicant to S.C. Code Ann. § 17-25-45 (1976) as amended. Accordingly, even if his testimony was credible (that plea counsel told him he could receive an LWOP sentence), that advice was not improper.

(R. at 79.)

The PCR court found, as a matter of state law, that Petitioner could have received a sentence of life without parole if he went to trial. (R. at 79.) "'[F]ederal habeas corpus relief does not lie for errors of state law.'" Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). As the Supreme Court stated in Estelle,

13

> [I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

Id. at 67-68; see also 28 U.S.C. § 2254(a). Because the state court found that, as a matter of state law, Petitioner could have been sentenced to life without parole if he went to trial, Petitioner has not established either prong of Strickland, and the PCR court's rejection of his claim is not contrary to, or an unreasonable application of, clearly established federal law. See Strickland, 466 U.S. at 687 (noting that to show that counsel's performance was deficient, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment").

For the reasons set forth above, Petitioner has failed to set forth any meritorious ineffective assistance of counsel claim. Petitioner's sole ground for relief in the instant habeas petition is that his guilty plea was involuntary due to the ineffective assistance of his counsel. Because those claims have no merit, and because Petitioner's plea colloquy indicates his plea was knowing and voluntary, Petitioner's claim that his guilty plea was involuntary also has no merit. See United States v. Solomon, 106 Fed. App'x 170, 171 (4th Cir.2004); United States v. Robinson, 82 Fed. App'x 322, 323 (4th Cir.2003) ("Robinson's plea colloquy reveals that his plea was knowingly and voluntarily entered into."); United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir.1991); see also Ridgeway v. Stevenson, No. 3:10-490-RBH, 2011 WL 666124, at *6-7 (D.S.C. Feb. 11, 2011) (rejecting the petitioner's claim that there was a violation of Boykin v. Alabama, 395 U.S. 238 (1969), where the petitioner contended that "there [was] no evidence that anyone, neither trial counsel nor the court, even explained to petitioner the actual elements of the charged offenses prior to accepting petitioner's guilty plea" because, inter alia, while "the plea is invalid" where "a defendant pleads guilty to a crime without having been informed of the

14

crime's elements," "the United States Supreme Court has never held that the judge himself must explain the elements of each charge to the defendant on the record"). Petitioner's habeas petition fails on the merits, and the undersigned therefore recommends granting Respondent's Motion for Summary Judgment (Dkt. No. 20).

## **CONCLUSION**

It is therefore RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 20) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. It is further RECOMMENDED that a certificate of appealability be denied.[5]

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

July 26, 2013
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[5] Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).