IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| Harold Jeffcoat a/k/a Harold L. Jeffcoat, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 2:12-CV-2849-RMG |
| vs. ) | |
| ) | |
| Warden Leroy Cartledge, ) | ORDER |
| ) | |
| Respondent. ) | |

Petitioner Harold Jeffcoat, a state prisoner at McCormick Correctional Institution in McCormick, South Carolina, filed this matter *pro se* pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). Petitioner argues that his guilty plea to the offence of armed robbery and other related charges "was not voluntarily and intelligently entered" due to the asserted ineffectiveness of his plea counsel. (*Id.* at 5, 17–18). He seeks to have his plea and sentence vacated.

**Background**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) DSC, this case was assigned to a Magistrate Judge. On February 13, 2013, Respondent Warden Cartledge moved for summary judgment on the ground of procedural default in state court, as well as the failure of the petition on its merits. (Dkt. Nos. 20, 21). Petitioner opposed summary judgment. (Dkt. No. 36).

On July 26, 2013, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Respondent's motion for summary judgment be granted and this petition dismissed with prejudice. (Dkt. No. 37). The Magistrate Judge concluded that, even assuming Petitioner could overcome the bar to claims defaulted in state court, he nonetheless "has failed to set

forth any meritorious ineffective assistance of counsel claim." (*Id.* at 7, 14). Petitioner submitted no objections to the R&R.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1), and need not give any explanation for adopting the R&R in the absence of specific objections by the parties, *see Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

Respondent moves for summary judgment. Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987) (stating that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts"). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). Further, in reviewing this matter, the Court is mindful of its charge to construe liberally the pleadings of this *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003).

## Discussion

Having reviewed the pleadings and the R&R, the Court concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter. As the Magistrate Judge

explained, Petitioner has failed to satisfy the requirements, set forth under 28 U.S.C. § 2254(d), for receiving habeas relief on the basis that his guilty plea was rendered involuntary due to ineffective assistance by his plea counsel. (Dkt. No. 37 at 5–15). The Court thus accepts and adopts the Magistrate Judge's analysis as to the merits of this petition, and concludes that Respondent is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## Conclusion

For these reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation as the Order of this Court, (Dkt. No. 37), GRANTS Respondent Warden Cartledge's motion for summary judgment, (Dkt. No. 20), and DISMISSES this petition with prejudice.

## Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
August 22, 2013